Jennifer RAULERSON, Plaintiff–Appellant,

v.

Larry G. MASSANARI,* Acting Commissioner of the Social Security Administration, Defendant–Appellee.

No. 00–36057.

D.C. No. CV–99–530–N–EJL.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2001.**

Decided Dec. 28, 2001.

---

\* Larry G. Massanari, as Acting Commissioner of the Social Security Administration, is substituted for his predecessor in office pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CHOY, SKOPIL, and FERGUSON, Circuit Judges.

MEMORANDUM ***

Jennifer Raulerson appeals pro se from the district court's judgment and order affirming the decision of the Commissioner of the Social Security Administration ("the Commissioner"). The Commissioner ruled that Raulerson was not entitled to child's benefits under the Social Security Act, 42 U.S.C. § 402(d). Raulerson argues that the district court should have reversed the Commissioner's decision be-

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

cause the Administrative Law Judge ("ALJ") improperly rejected the medical opinions she presented and failed to have a medical examiner testify at the hearing. In Raulerson's view, the ALJ should have awarded her benefits because the evidence established that she was disabled before age twenty-two. She also argues that her hearing before the magistrate judge was unfair. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

On October 7, 1996, Raulerson, who was forty-five years old, applied for disabled adult child's benefits on the account of her deceased father, Alfred Raulerson. She alleged that she was "emotionally handicapped" and had been disabled from July 15, 1968, when she was seventeen years old. The Social Security Administration ("SSA") denied her application because there was insufficient evidence of her claimed disability. The SSA affirmed its decision on reconsideration. After a hearing, the ALJ also ruled against Raulerson. He found that Raulerson had failed to establish that she suffered "any severe medically determinable physical or mental impairment or combination of impairments" prior to reaching age twenty-two. Therefore, she was not "disabled" as defined by the Social Security Act and was not entitled to benefits. The Appeals Council declined to review the ALJ's decision, which then became the final decision of the Commissioner.

Raulerson appealed to the district court. A magistrate judge recommended that the Commissioner's decision be affirmed. The district court agreed and issued an order accepting the magistrate's findings and conclusions and adopting them as its own. The district court entered its judgment on October 30, 2000.

This timely appeal followed. On appeal, Raulerson apparently argues that: 1) the ALJ improperly rejected the medical opinions of Michael Ambrosio, M.D., Robert Caldwell, M.D., and Louis Legum, Ph.D.; 2) there is not substantial evidence in the record supporting the Commissioner's finding that she was not disabled prior to age twenty-two; 3) the ALJ had a duty to call a medical expert at the hearing and failed to do so; and 4) her hearing before the magistrate judge was unfair. We disagree.

## I. ALJ's Rejection of Medical Evidence

██ If an ALJ rejects the uncontroverted opinion of a treating physician, the ALJ must give "clear and convincing" reasons for doing so and the reasons must be supported by substantial evidence in the record. *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir.2001) (citing *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir.1998)). Dr. Ambrosio was Raulerson's treating physician from age sixteen to twenty-two. He opined that she was suffering from "disabling conditions" during that time. The ALJ expressly rejected Dr. Ambrosio's opinion because it was not supported by any diagnostic data or clinical findings. This is a clear and convincing reason for rejecting his opinion and it is supported by substantial evidence in the record. Dr. Ambrosio's letter does not state what "disabling conditions" Raulerson suffered from between 1967 and 1973, nor does he state the clinical basis for his opinion. Most of his notes from her visits during that period are illegible, but she apparently saw him for common ailments such as earaches and poison ivy. Further, Raulerson herself could not state what "disabling conditions" Dr. Ambrosio diagnosed her with during that period. The ALJ did not err in rejecting Dr. Ambrosio's opinion.

Dr. Caldwell examined Raulerson on December 17, 1996 and Dr. Legum examined her on February 3, 1998. On appeal, Raulerson argues that the ALJ failed to consider their opinions. In his report, the

ALJ summarized the present diagnoses that Drs. Caldwell and Legum gave, but ultimately found that the medical evidence did not indicate "the presence of a medically determinable physical or mental impairment or impairments" before Raulerson reached age twenty-two. The ALJ did consider Drs. Caldwell and Legum's opinions but found that they were insufficient evidence of a severe impairment that began before Raulerson reached age twenty-two.

## II. Substantial Evidence to Support the Commissioner's Finding

■ We review a district court's order upholding the Commissioner's denial of benefits de novo. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.2001). We will affirm the district court's order if the Commissioner's decision is supported by substantial evidence and the Commissioner applied the correct legal standards. *Pagter v. Massanari*, 250 F.3d 1255, 1258 (9th Cir.2001). Substantial evidence is relevant evidence that, when considered in light of the entire record, a reasonable person might accept as adequate to support the conclusion. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The disputed issue in the present case is whether, prior to age twenty-two, Raulerson suffered from a severe impairment or combination of impairments, i.e. whether her impairment or impairments significantly limited her ability to perform basic work. We agree with the district court that there is substantial evidence in the record supporting the Commissioner's finding that Raulerson was not suffering from a severe impairment prior to age twenty-two.

The medical evidence Raulerson presented does not establish that she was suffering from a severe impairment. As discussed *supra*, the ALJ's finding that Dr. Ambrosio's opinion was not credible was based on clear and convincing reasons that are supported by substantial evidence in the record. Raulerson also argues that the opinions of Drs. Caldwell and Legum prove that she was disabled. However, both opinions dealt primarily with present diagnoses. Even where they do address the years in question, they do not establish that Raulerson was suffering from a severe impairment.

Dr. Caldwell noted that "it appears that [Raulerson] has a relatively chronic history probably starting in adolescence." He does not state what he based this conclusion on and in fact concedes that "[t]here is a notable lack of collateral information, i.e. observations from people who have seen her in the past." Further, Dr. Caldwell does not describe whether and to what extent Raulerson's condition impaired her ability to perform basic work during adolescence. Raulerson also claims that Dr. Caldwell's report finds her disabled as early as age eight due to febrile delirium. However, the report merely states that she informed him of "an episode of febrile delirium at age eight." There is no indication in the report that the episode led to a permanent, severe impairment.

Raulerson contends that both Dr. Caldwell and Dr. Legum found that she was disabled prior to age twenty-two due to drug dependency. She also points to her arrest in a drug raid and the fact that she has Hepatitis C as evidence of her drug abuse. Although Raulerson apparently had a history of substance abuse during the years in question, there is nothing in the record indicating that it rose to the level of a severe impairment.

Raulerson also argues that her school records indicate that she was disabled prior to age twenty-two because they show her low test scores and a "15 month black-

out period." However, the fact that Raulerson had below average grades does not prove that her ability to perform basic work was significantly limited. Neither does Raulerson's fifteen month absence from school prove that she was suffering from a medically determinable physical or mental impairment. Raulerson testified that she stayed out of school because she was traumatized after being kidnaped. However, at other times she has stated that she merely ran away. Even assuming that she was kidnaped, there is no evidence that she suffered from a severe physical or mental impairment as a result of the incident. Further, Raulerson told Dr. Caldwell that during her year off she usually went into New York City to "hang out with friends." This is inconsistent with her claim that she did not attend school because she was traumatized by the "kidnaping."

■ The district court did not err in concluding that there was substantial evidence in the record to support the Commissioner's finding that Raulerson was not suffering from a severe impairment and was, therefore, not disabled prior to age twenty-two.

### III. Failure to Call a Medical Expert

■ Raulerson also apparently argues that the district court should have reversed the Commissioner's decision because the ALJ failed to call a medical expert at the hearing. This court has held that, where the record is ambiguous as to the onset date of the claimant's disability and medical inferences need to be made, the ALJ must call a medical expert to assist in determining the date. *Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir.1998) (citing Social Security Regulation 83–20 (1983)). In the present case, there is no medical record of any disabling condition during any of the years in question. Insofar as there is no evidence to support an onset date during any of the years in question, the evidence was not ambiguous and the ALJ was not required to call a medical expert to assist in determining the onset date.

### IV. Fair Hearing Before the Magistrate Judge

Raulerson makes several allegations which she claims establish that she was denied a fair hearing before the magistrate judge. She argues that the magistrate judge: deprived her of her right to "open the hearing;" was prejudiced against her and biased in favor of the Assistant United States Attorney ("AUSA"); and improperly denied her motion to seal the record.

#### A. Right to "Open the Hearing"

■ It is the appellant's burden to provide any transcripts necessary to review an argument on appeal. Fed. R.App. P. 10(b). Because the hearing transcript is not a part of the record on appeal, we decline to review Raulerson's argument that the magistrate judge conducted the hearing in an improper manner.

#### B. Magistrate Judge's Alleged Bias/Prejudice

Raulerson also raises various allegations of impropriety which she argues establish that the magistrate judge was biased in favor of the AUSA and prejudiced against her. She claims that: the AUSA was granted numerous extensions that would have been denied if she requested them; the magistrate judge and the AUSA traveled together to the hearing; the magistrate judge and the AUSA were racially prejudiced; the hearing was open to the public, violating her privacy; and the magistrate judge ignored her financial need in order to defend the ALJ's decision.

■ There is nothing in the record to indicate that the magistrate judge was bi-

ased in granting extensions, that the magistrate and the AUSA had any inappropriate contact, or that they were racially prejudiced. Further, the motions that were argued at Raulerson's hearing were not sensitive in nature and the magistrate judge did not abuse his discretion by holding the hearing in open court. *See* Fed. R.Civ.P. 77(b) ("All trials upon the merits shall be conducted in open court.... All other acts or proceedings may be done or conducted by a judge in chambers[.]"). The fact that the magistrate did not consider Raulerson's financial need does not indicate that he was prejudiced against her because the claimant's need is not relevant to the determination whether he or she is disabled. *See* 20 C.F.R. § 404.1520 (listing factors to determine whether claimant is disabled). Finally, the magistrate judge's recommendation to affirm the Commissioner's decision and the district court's adoption of his recommendation do not prove that they were predisposed to rule in favor of the Commissioner. There is nothing in the record that suggests that either the magistrate judge or the district court failed to review the case in an impartial manner.

C. Failure to Seal Case

 A court's decision to seal a case file is reviewed under the abuse of discretion standard. *Cf. United States v. Mann*, 829 F.2d 849, 853 (9th Cir.1987) (district court's decision to seal affidavits and transcript of in camera conference discussing them reviewed for abuse of discretion). The common law presumes a right of access to judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978).

> This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access. The trial court may weigh the interests advanced by the parties in light of the public interests and the duty of the courts. The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.

*Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir.1988) (citations and internal quotation marks omitted). Raulerson made a bare assertion that opening her file to the public violated her privacy; she did not show a significant interest that would warrant sealing the case file. Further, the magistrate ordered that medical documents and other documents in the administrative record would not be available for public access. The magistrate judge did not abuse his discretion in denying Raulerson's motion to seal the case file.

AFFIRMED.